Nancy E. Hudgins, SBN. 85222
Matthew M. Grigg, SBN. 195951
LAW OFFICES OF NANCY E. HUDGINS
1981 N. Broadway, Ste. 210
Walnut Creek, CA 94596
925-906-0100
mmg@hudginslaw.com

Attorneys for Defendants Alameda County,
Harold W. Orr Jr. M.D., Tehmina Kanwal, M.D.,
Corizon Health, Inc., and Sheriff Gregory Ahern

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANTI MARTINEZ, et al., | Case No.: 16-00881 |
| Plaintiffs, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| vs. | |
| CORIZON HEALTH, INC., et al., | |
| Defendants. | |

Defendants Alameda County, Harold W. Orr Jr. M.D., Tehmina Kanwal, M.D., Corizon Health, Inc., and Sheriff Gregory Ahern hereby answer Plaintiffs' First Amended Complaint (hereafter "Complaint"), on a paragraph-by-paragraph basis, denying all allegations therein except as expressly admitted below.

1. Defendants admit Plaintiffs purport this to be an action brought pursuant to the laws referenced and against the defendants referenced.

2. Defendants admit jurisdiction is conferred on this Court by 42 U.S.C. §§1331 and 1343. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

3. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

4. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

5. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

6. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

7. Defendants admit Corizon is a Delaware corporation that has indirectly provided medical care to persons detained in Alameda County Jails pursuant to contract. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

8. Defendants admit Dr. Orr is and has been a California-licensed physician, and a Corizon employee and/or agent. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

9. Admitted.

10. Defendants admit the County is a public entity in California. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

11. Defendants admit Sheriff Ahern is and has been the County Sheriff. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

12. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

13. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

14. Defendants admit that the decedent was a Santa Rita inmate, and that the jail is in Alameda County and is operated via the County's sheriff's office. Defendants deny the allegations to the extent they purport to imply tortious conduct. Defendants otherwise are

without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

15. Defendants deny the allegations of unreasonableness. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

16. Defendants admit Corizon contracted to provide care to County inmates. Defendants deny: (a) the apparent allegation that nasal polyps constituted a "life-threatening condition," (b) Plaintiffs' allegations of recklessness, indifference, and unreasonableness, and (c) Plaintiffs' allegation of proximate cause. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

17. Defendants deny the allegations of unreasonableness and proximate cause. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

18. Defendants deny Plaintiffs' allegations of unreasonableness. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

19. Defendants deny Plaintiffs' allegations of unreasonableness. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

25. Defendants deny the allegations that they were negligent and deliberately indifferent. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

26. Defendants deny the allegations that they acted recklessly or with indifference, and further deny Plaintiffs' allegation that they are entitled to punitive damages. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

27. Defendants deny Plaintiffs' allegation that they are entitled to such attorneys' fees. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

28. The foregoing are incorporated by reference.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

31. [*sic*] The foregoing are incorporated by reference.

32. [*sic*] Denied.

33. Defendants deny the allegations of indifference and rights violations. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

34. Defendants deny the allegations as applied to them. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

35. Denied.

36. Denied.

37. Denied.

38. The foregoing are incorporated by reference.

39. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

40. Including due to the precatory language "at all times," this paragraph's allegations are denied.

41. Including due to the precatory language "at all times," this paragraph's allegations are denied.

42. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

43. Defendants are without knowledge or information sufficient to admit or deny the truth of this paragraph's allegations and on that basis denies them.

44. Defendants deny the allegations: (a) that they breached the duties vaguely referenced, (b) that they acted unreasonably, (c) that they acted improperly. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

45. Denied.

46. The foregoing are incorporated by reference.

47. Defendants deny the allegations to the extent they purport to imply tortious conduct. Defendants otherwise are without knowledge or information sufficient to admit or deny the truth of this paragraph's remaining allegations and on that basis denies them.

48. Denied.

49. Admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and purported causes of action therein lack the factual allegations necessary to state a cognizable claim for which relief may be granted.

### Second Affirmative Defense

Defendants allege Plaintiffs and the decedent were themselves negligent and careless, and that said negligence proximately caused or contributed to their alleged injuries and/or

damages, if any. A verdict in favor of Plaintiffs, if any, must therefore be reduced by the percentage of such negligence that contributed to the damages or injuries complained of, if any there were.

### Third Affirmative Defense

Defendants allege the damages and injuries of which Plaintiffs complains, if any there were, were proximately caused by the negligence, strict liability, breach of contract and breach of warranties by other persons, firms, corporations and entities, including other defendants, for whom these answering Defendants are not responsible, and should Plaintiffs be entitled to recover under the Complaint, their recovery should be reduced in proportion to the negligence, strict liability, breach of warranties and breach of contract of such other persons, firms, corporations and entities.

### Fourth Affirmative Defense

Defendants allege Plaintiffs' alleged damages or injuries, if any, were aggravated by the failure of Plaintiffs, the decedent, and/or other individual or corporate parties, to use reasonable diligence to mitigate those injuries or damages.

### Fifth Affirmative Defense

Defendants allege the applicable statutes of limitation wholly or partially bar Plaintiffs' Complaint and/or the putative causes of action therein.

### Sixth Affirmative Defense

Defendants allege their reasonableness, qualified immunity, and/or good faith immunity preclude further prosecution.

### Seventh Affirmative Defense

Defendants allege Plaintiffs have not offered facts sufficient to support a punitive damages claim under either state or federal law.

### Eighth Affirmative Defense

Defendants allege the imposition of punitive damages in any amount would be legally unwarranted and would violate the state and federal excessive fines and due process clauses.

### Ninth Affirmative Defense

Defendants allege the MICRA cap on general damages (Section 3333.2) would apply to any adverse verdict on a claim arising from professional negligence.

### Tenth Affirmative Defense

Defendants allege Plaintiffs lack standing to sue, and further lack standing to pursue injunctive relief.

### Eleventh Affirmative Defense

Defendants allege a superseding intervening cause bars recovery.

### Twelfth Affirmative Defense

Defendants allege the County is immune to punitive damage claims under state and federal law.

### Thirteenth Affirmative Defense

Defendants allege Plaintiff is estopped from asserting any causes of action against these answering Defendants by the doctrines of estoppel, waiver, accord and satisfaction, unclean hands, laches, and/or issue and claim preclusion.

### Fourteenth Affirmative Defense

Defendants allege the liability limitations, immunities and tort claim-related provisions of the Government Code render Plaintiffs' claims, in whole or in part, untenable, including but not limited to §§815, 815.2, 815.3, 815.4, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 822.2, 844.6, 845.2, and 845.6

### Fifteenth Affirmative Defense

Defendants allege Civil Code §3333.1 regarding collateral sources would apply.

### Sixteenth Affirmative Defense

Defendants allege claims against the County are barred by sovereign immunity and/or the Eleventh Amendment.

### Seventeenth Affirmative Defense

Defendants allege that, under the Government Code, Plaintiffs' claims are barred to the extend they exceed the scope of those timely presented to the County in a tort claim and to the extent they were not included in a suit within six months post-rejection.

### Eighteenth Affirmative Defense

Defendants allege Plaintiffs' claims are barred in whole or in part by the PLRA and/or a failure to properly exhaust administratively.

### Nineteenth Affirmative Defense

Plaintiffs' Complaint is vague, conclusory, ambiguous, and unintelligible in numerous respects. Defendants thus reserve the right to augment or amend this answer.

WHEREFORE, Defendants pray for the following relief:

1. dismissal of the lawsuit with prejudice,
2. that Plaintiffs take nothing;
2. an award of costs and fees in their favor; and
3. for such further relief as the Court deems proper.

### Jury Trial Demand

Defendants request a jury trial.

Dated: April 22, 2016      LAW OFFICES OF NANCY E. HUDGINS

/s/ Matthew M. Grigg
_____
Matthew M. Grigg
Attorneys for Defendants Alameda County,
Harold W. Orr Jr. M.D., Tehmina Kanwal, M.D.,
Corizon Health, Inc., and Sheriff Gregory Ahern