JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANTI MARTINEZ, individually; Minor M.M., by and through his Guardian Ad Litem Corrina Mendoza; Minor T.M., by and through her Guardian Ad Litem Corrina Mendoza; Minor I.M., by and through his mother and Guardian Ad Litem, Vanessa Hernandez,<br><br>Plaintiffs,<br><br>vs.<br><br>CORIZON HEALTH, INC., a Delaware Corporation; HAROLD ORR, M.D.; TEHMINA KANWAL, M.D.; MARIA MAGAT, M.D.; COUNTY OF ALAMEDA, a municipal corporation; SHERIFF GREGORY J. AHERN, MICHAEL CARRIEDO, individually and in his official capacity as a deputy sheriff in for COUNTY OF ALAMEDA; SHAWN CHRISTIANSEN, individually and in his official capacity as a deputy sheriff in for COUNTY OF ALAMEDA in his individual and official capacity; and DOES 4-50, inclusive, Defendants. | CASE NO.: 4:16-cv-00881-JSW<br><br>SECOND-AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and under California state law. This action is against CORIZON HEALTH, INC., HAROLD ORR, M.D., TEHMINA KANWAL, M.D, COUNTY OF ALAMEDA, SHERIFF GREGORY J. AHERN, and DOES 1-50.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. Section 1367.

**PARTIES**

3. Plaintiff TANTI MARTINEZ (hereinafter "TANTI MARTINEZ"), is the mother of Decedent MARIO MARTINEZ and is a resident of the State of California..

4. Minor Plaintiff M.M. (hereinafter "M.M."), is the minor son of Decedent MARIO MARTINEZ, is a resident of the State of California. Minor Plaintiff M.M. is represented in this action by his mother and Guardian Ad Litem, Corrina Mendoza. Minor Plaintiff M.M. brings these claims individually and as co-successor in interest for Decedent MARIO MARTINEZ.

5. Minor Plaintiff T.M. (hereinafter "T.M."), is the minor daughter of Decedent MARIO MARTINEZ, is a resident of the State of California. Minor Plaintiff T.M. is represented in this action by her mother and Guardian Ad Litem, Corrina Mendoza. Minor Plaintiff T.M. brings these claims individually and as co-successor in interest for Decedent MARIO MARTINEZ.

6. Minor Plaintiff I.M. (hereinafter "I.M."), is the minor son of Decedent MARIO MARTINEZ, is a resident of the State of California. Minor Plaintiff I.M. is represented in this action by his mother and Guardian Ad Litem, Vanessa Hernandez. Minor Plaintiff I.M. brings these claims individually and as co-successor in interest for Decedent MARIO MARTINEZ.

7. CORIZON HEALTH, INC. (herinafter "CORIZON"), previously/also known as CORIZON, CORIZON HEALTH SERVICES, and CORIZON CORRECTIONAL HEALTHCARE, was at all times herein mentioned a Delaware corporation licensed to do business in California.

Defendant CORIZON provided medical and nursing care to prisoners and detainees in Alameda County jails, pursuant to contract with the COUNTY OF ALAMEDA. CORIZON and its employee and agent, Defendant HAROLD ORR, M.D., are responsible for making and enforcing policies, procedures, and training relating to the medical care of prisoners and detainees in Defendant COUNTY OF ALAMEDA's jails, including providing reasonable medical care to prisoners and detainees, as well as providing reasonable medical care to specific prisoners or detainees as specifically ordered by Alameda County Superior Court Judges in court orders directed at CORIZON, and all CORIZON policies, procedures, and training related thereo.

8. Defendant HAROLD ORR, M.D., ("ORR") was at all times herein mentioned a physician licensed to practice medicine in the State of California, an employee and/ or agent of Defendant CORIZON, working as the medical director of Defendant COUNTY OF ALAMEDA's jails responsible for overseeing and providing medical care to prisoners and detainees, and was acting within the course and scope of that employment. On information and belief, Defendant ORR was ultimately responsible for CORIZON's provision of medical care to inmates at the jails, including assessing inmates for possible life threatening medical conditions.

9. Defendant TEHMINA KANWAL, M.D., ("KANWAL") was at all times herein mentioned a physician licensed to practice medicine in the State of California, an employee and/ or agent of Defendant CORIZON, and in that capacity provided medical care to prisoners and detainees, including to Decedent MARIO MARTINEZ, and was acting within the course and scope of that employment when providing medical care to Decedent MARIO MARTINEZ.

10. Defendant MARIA MAGAT, M.D., ("MAGAT") was at all times herein mentioned a physician licensed to practice medicine in the State of California, an employee and/ or agent of Defendant CORIZON, and in that capacity provided medical care to prisoners and detainees, including to Decedent MARIO MARTINEZ, and was acting within the course and scope of that employment when providing medical care to Decedent MARIO MARTINEZ. Defendant MAGAT was the site medical director who supervised Defendant KANWAL and reviewed and approved his treatment of Decedent, including, but not limited to, consultation requests pertaining to Decedent, regarding medical care for Decedent's nasal polyps, and related medical conditions.

11. COUNTY OF ALAMEDA ("Defendant COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the County operates the Alameda County Sheriff's Department.

12. Defendant SHERIFF GREGORY J. AHERN ("AHERN"), at all times mentioned herein, was employed by Defendant COUNTY as Sheriff for the COUNTY, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as Sheriff for the COUNTY.

13. Defendant MICHAEL CARRIEDO ("CARRIEDO"), is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise Decedent MARIO MARTINEZ and other inmates in his housing unit at Santa Rita jail, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

14. Defendant SHAWN CHRISTIANSEN ("CHRISTIANSEN") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise Decedent MARIO MARTINEZ and other inmates in his housing unit at Santa Rita jail, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

15. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 4 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 4-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiffs filed a state claim within the six-month statute of limitations.

# FACTUAL ALLEGATIONS

17. Decedent MARIO MARTINEZ was in custody as in inmate at Santa Rita Jail, a jail located in the County of Alameda and operated by the Alameda County Sheriff's Office, a municipal agency of COUNTY, when he died in Housing Unit 6, a general population unit, of Santa Rita Jail on July 15, 2015, of an asthama attack and mucous plugs in Decedent's lugs which were caused by a failure to treat Decedent's asthma. While Decedent had been given an albuterol inhaler, this treatment was so minimal given Decedent's condition, that it totally failed to treat his asthma, causing further medical complications. Even after being given an inhaler, Decedent continued to keep seeking medical treatment for his breathing problems. Defendants were deliberately indifferent to Decedent's known medical needs by failing to immediately treat them[1]. Further, in addition to causing mucous plugs that impaired breathing in Decednet's lungs, the untreated asthma also caused nasal polyps and inflamed turbinates, which fully blocked Decedent's nasal passages. The polyps were so large they were obviously and visibly, even to untrained, non-physcians simply by looking at Decedent's face, blocking Decedent's nasal passage. At the time of Decedent's death, Defendant COUNTY had been aware that Decedent required medical treatment. On March 23, 2015, Decedent appeared in court, and because he had yet to recieve medical treatment, the court issued an order for evaluation pursuant to *Penal Code* § 4011.5. On April 13, 2015, the court was informed that Decedent had not recieved the attention mandated by the order. The court issued a second § 4011.5. order and said it would entertain an application for an Order to Show Cause if there had not been compliance by the next regurlarly schduled court date of April 21, 2015. The next day, CORIZON fax'd a reply to the court stating: "Patient's medical condition is being evaluated & treated. ENT referral was made on 2/26/15 & then on 3/15." Even still, CORIZON, ORR, MAGAT and KANWAL failed to implement the order and treat Decedent. Decedent had repeatedly sought medical treatment in writing which noted that he was having trouble breathing. Defendants CORIZON, ORR, MAGAT and KANWAL were on notice

---

[1] Even on the morning of Decedent's death, when Decedent was seen by a dentist for a dental problem, decedent noted in writing that his breathing difficulties were continuing. For months prior to his death, in spite of the fact that Decedent was seeing Defendant KANWAL to treat his breathing problems, Decedent's breathing problems only continued, and Decedent consistently, repeatedly did his best to get medical treatment for his breathing problems. The treatment provided by Defendants was cursory. Given the necessity of breathing to human life, Defendants' medical treatment of Decedent was reckless at best.

that Decedent required immediate medical care to ensure that he could breathe properly, and were on notice that Decedent's breathing problems necessitated an emergency response to ensure Decedent received timely medical treatment. On more than one occasion, the Alameda County Superier Court issued Orders to Show Cause to CORIZON to explain why Decedent had not received the required medical care that the Court had previously ordered Decedent to receive. COUNTY was further aware that Decedent MARIO MARTINEZ required medical care to treat his life-threatening medical conditions.

18. In spite of Alameda County Superior Court orders, of which Defendants were on notice, ordering that Decedent undergo medical care and treatment for the life-threatening medical condition, COUNTY unreasonably failed to monitor Decedent, failed to keep Decedent in a medical unit of the Santa Rita jail, and failed to reasonably ensure that CORIZON provided reasonable medical services and care to Decedent.

19. While COUNTY contracted for medical care to be provided to its inmates by CORIZON, neither COUNTY, CORIZON, ORR, MAGAT nor KANWAL provided the required medical services and care of which they were subjectively aware. Said Defendants were deliberately indifferent to Decedent's known medical needs, and acted with subjective recklessness in disregarding Decedent's known medical needs, even under the awareness that Decedent could die as a consequence of his medical condition. Defendant COUNTY was aware, as a consequence of the Court's Order to Show Cause, Decedent's court filings desperately seeking emergency medical help for his life-threatening condition, and Decedent's own complaints to COUNTY and CORIZON staff, of CORIZON's failure to provide to reasonably provided the necessary medical services and care, and unreasonably failed to provide reasonable medical services and care to Decedent by means other than through CORIZON, and unreasonably failed to compel CORIZON to provide Decedent reasonable medical services and care, proximately causing Decedent's death.

20. Plaintiffs allege that COUNTY was aware and on notice substantially prior to the subject-incident that CORIZON, and/or its alter ego companies with whom Defendant COUNTY also contracted for the provision of medical services and care to jail inmates, had a signficant history of negligence, malpractice, and deliberate indifference in providing and/or failing to provide medical

services and care to jail inmates, including jail inmates in Santa Rita Jail, resulting in serious harm or death to inmates requring medical services and care. In spite of such notice, COUNTY continued to contract with CORIZON to provide medical services and care to inmates in COUNTY jails without providing reasonable oversight of CORIZON to reasonably ensure that CORIZON were providing reasonable medical services and care to COUNTY jail inmates, proximately causing Decedent's death.

21. Plaintiffs further allege that on the day of Decedent's death, July 15, 2015, Decedent was unreasonably placed in general population, as opposed to a medical unit where he could be closely monitored, given his known medical needs. Decedent was unreasonably monitored by jail staff while in general population, given his known medical needs. Decedent's cell-mate heard Decedent cry out "I can't breathe!". Decedent's cell-mate pushed the cell intercom and requested immediate medical help from the jail staff who answered. The jail staff, including Defendants CARRIEDO, CHRISTIANSEN, and DOES, who are deputies employed by COUNTY, unreasonably responded to the call for medical emergency in a lackadaisacal and non-emergency manner. Said Defendants instructed Decedent's cell-mate to carry Decedent to the kitchen area where Decedent was placed on a bench. It was obvious during this time that Decedent was haing difficulty breathing and was in extreme medical distress. Said Defendants left Decedent in the kitchen area for several minutes, then had Decedent walk toward the jail unit's yard. Said defendants ordered all the inmates who were in the yard to leave the yard, and then shut the door to the yard. In addition, when the medical personnel who were treating Decedent went to retrieve an oxygen tank to use in treating Decedent, the tank at the Housing Unit sick call room where Decedent was located was found to be missing the crank needed to turn it on. At least 2 or 3 more minutes were lost in the time it took to get a working oxygen tank from a neighboring housing unit.

22. Decedent died of "respiratory insufficiency" according to COUNTY coroner's office, in the yard at the jail from the known, but untreated or recklessly treated, medical condtions that Decedent had been so desperately, but vainly, trying to have reasonably treated by Defendant COUNTY and CORIZON. Had the medical condition been reasonably treated, Decedent would have lived.

23. Decedent's death was the result of all Defendants' deliberately indifferent failure to summon and/or provide medical treatment for Decedent's serious medical needs.

24. Alternatively or concurrently, Decedent's death was the proximate result of Defendant COUNTY'S failure to implement and enforce generally accepted, lawful policies and procedures at the jail, and allowing and/or ratifying the deliberate indifference to the serious medical needs of inmates. These substantial failures reflect Defendant COUNTY'S policies implicitly ratifying and/or authorizing the deliberate indifference to serious medical needs and the failure to reasonably train, instruct, monitor, supervise, investigate, and discipline deputy sheriffs employed by Defendant COUNTY.

25. Alternatively or concurrently, Decedent's death was the proximate result of Defendant CORIZON, or ORR's failure to reasonably train their medical staff, including Defendants MAGAT and/or KANWAL, in the proper and reasonable care of inmates with life threatening but treatable medical conditions, failure to implement and enforce generally accepted, lawful policies and procedures at the jail, and deliberate indifference to the serious medical needs of inmates. These substantial failures reflect Defendant CORIZON'S policies implicitly ratifying and/or authorizing the deliberate indifference to serious medical needs by its medical staff and the failure to reasonably train, instruct, monitor, supervise, investigate, and discipline medical employed by Defendant CORIZON in the handling individuals with serious medical conditions.

26. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, grossly negligent, negligent, and objectively unreasonable.

## DAMAGES

27. Plaintiffs were physically, mentally, and emotionally injured and damaged as a proximate result of Mr. MARTINEZ's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses.

28. As a further direct and proximate result of the negligence and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Mr. MARTINEZ's financial support.

29. Defendants acted recklessly or with callous indifference to MARIO MARTINEZ's life threatening medical condition and to Plaintiffs' constitutional rights. Plaintiffs, as decedent's successors in interest, are therefore entitled to an award of punitive damages against all defendants except COUNTY OF ALAMEDA.

30. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this Complaint.

32. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

   a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment; and

   b. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.

33. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein with reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of MARIO MARTINEZ) and others would be violated by their acts and/or omissions.

34. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth herein.

35. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 et seq., and other state and federal law.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (ALL PLAINTIFFS AGAINST DEFENDANTS CORIZON, ORR, COUNTY, AHERN, AND DOES 26-50)

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

37. The unconstitutional actions and/or omissions of Defendants DOES 26-50, as well as other officers employed by or acting on behalf of the Defendants COUNTY and/or CORIZON, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the COUNTY and/or CORIZON, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the COUNTY and its Sheriff's Department, and/or CORIZON:

    a. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling treatable life threatening conditions;

    b. To deny inmates at the COUNTY's jail access to appropriate, competent, and necessary care for serious medical needs;

    c. To fail to institute proper procedures for prevention and treatment of obstructive nasal polyps, to coordinate inmate assessment, placement, and care with the jail physicians and nursing staff, and jail corrections staff;

    d. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons with serious medical conditions at the County Jail;

    e. To cover up violations of constitutional rights by any or all of the following:

    i.      By failing to properly investigate and/or evaluate complaints or incidents of the handling persons with life threatening medical conditions;

    ii.     By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful law enforcement activity; and

    iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

    l.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and sheriff's department personnel, whereby an officer or member of the sheriff's department does not provide adverse information against a fellow officer or member of the department; and

    f.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code §§ 910 et seq.

38. Defendants CORIZON, ORR, COUNTY, AHERN, and DOES 26-50 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants MAGAT, KANWAL, CHRISTIANSEN, CARRIEDO, DOES 4-25, and other COUNTY, Sheriff's Department, and CORIZON personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

39. The unconstitutional actions and/or omissions of Defendants MAGAT, KANWAL, CHRISTIANSEN, CARRIEDO and DOES 4-25 and other Sheriff's Department personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the COUNTY and its Sheriff's Department, including by Defendant CORIZON and DR. ORR. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the COUNTY, the Alameda County Sheriff's Department, and CORIZON, and that such policymakers have direct knowledge of the fact that the death of MARIO MARTINEZ was not justified, but rather represented an unconstitutional display of deliberate

indifference to serious medical needs. Notwithstanding this knowledge, the authorized policymakers within the COUNTY, its Sheriff's Department, and CORIZON have approved of Defendants MAGAT, KANWAL, CHRISTIANSEN, CARRIEDO and DOES 4-25's conduct and decisions in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of MARIO MARTINEZ. By so doing, the authorized policymakers within the COUNTY and its Sheriff's Department have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

40. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants MAGAT, KANWAL, CARRIEDO, CHRISTIANSEN and DOES 4-25 were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

41. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

42. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CORIZON, COUNTY, AHERN, and ORR, as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys fees as set forth above in this Complaint, and punitive damages against Defendants CORIZON, ORR, MAGAT, KANWAL, CARRIEDO, CHRISTIANSEN and DOES 4-25 in their individual capacities.

### THIRD CAUSE OF ACTION
**(Negligence)**
**(ALL PLAINTIFFS against ALL DEFENDANTS)**

43. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 42 of this complaint.

44. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

45. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

46 At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

47. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

   a. To provide, or cause to be provided, prompt and appropriate medical care for Decedent;

   b. To summon necessary and appropriate medical care for Decedent;

   c. To refrain from unreasonably creating danger or increasing Decedent's risk of harm;

   d. To refrain from abusing their authority granted them by law;

   e. To refrain from violating Plaintiffs' rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

48. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants COUNTY, CORIZON, DR. ORR, MAGAT, KANWAL, AHERN, CARRIEDO, CHRISTIANSEN and DOES 4-50 include but are not limited to the following specific obligations:

   a. To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person (i) who was responsible for providing medical care for Decedent, (ii) who was responsible for the safe and appropriate jail custody of Decedent, (iii) who denied Decedent medical attention or access to medical care and treatment, and/or (iv) who failed to summon necessary and appropriate medical care for Decedent;

   b. To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the

     public interest and in conformance with the law;

  c.  To institute and enforce proper procedures and training for prevention and treatment of life threatening nasal polyps, to coordinate inmate assessment, placement, and care with the jail physicians and nursing staff, and jail corrections staff;

  d.  To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs';

  e.  To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

  49.  Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs, by failing to treat Decedent's medical condition. The condition was not reasonably treated according to multiple orders issued by the Alameda County Superior Court. On March 23, 2015, Decedent appeared in court, and because he had yet to recieve reasonable medical treatment, the court issued an order for evaluation pursuant to *Penal Code* § 4011.5. On April 13, 2015, the court was informed that Decedent had not recieved the attention mandated by the order. The court issued a second § 4011.5. order and said it would entertain an application for an Order to Show Cause if there had not been compliance by the next regurlarly schduled court date of April 21, 2015. The next day, CORIZON fax'd a reply to the court stating: "Patient's medical condition is being evaluated & treated. ENT referral was made on 2/26/15 & then on 3/15." Even still, CORIZON, ORR, MAGAT and KANWAL failed to reasonably implement the order and treat Decedent. Moreover, defendants COUNTY, AHERN, CARRIEDO, and CHRISTIANSEN failed to properly respond when Decedent's medical condition became an emergency on July 15, 2015.

  50.  As a direct and proximate result of Defendants' negligence, decedent and therefore plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth in this Complaint, and punitive damages against all Defendants except COUNTY OF ALAMEDA.

  WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

# FOURTH CAUSE OF ACTION
## (Violation of California Government Code § 845.6)
### ALL PLAINTIFFS AGAINST DEFENDANTS ORR, MAGAT, KANWAL, CARRIEDO, CHRISTIANSEN, COUNTY OF ALAMEDA AND CORIZON)

51. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 50 of this complaint.

52. Defendants CORIZON, ORR, MAGAT, KANWAL, and DOES 4-50 knew or had reason to know that Decedent was in need of immediate and higher level medical care, treatment, observation and monitoring, including being transferred for inpatient hospitalization once Defendants had been aware that Decedent required medical treatment. Defendants knew that they cursory, reckless treatment they had provided to Decedent was not working to alleviate his breathing problems, and knew those problems were continuing and getting worse. Defendants knew or should have known that Alameda County Superier Court had issued multiple Orders to Show Cause to CORIZON to explain why Decedent had not received the required medical care that the Court had previously ordered Decedent to receive. On March 23, 2015, Decedent appeared in court, and because he had yet to recieve medical treatment, the court issued an order for evaluation pursuant to *Penal Code* § 4011.5. On April 13, 2015, the court was informed that Decedent had not recieved the attention mandated by the order. Further, the court issued a second § 4011.5. order and said it would entertain an application for an Order to Show Cause if there had not been compliance by the next regurlarly schduled court date of April 21, 2015. The next day, CORIZON fax'd a reply to the court stating: "Patient's medical condition is being evaluated & treated. ENT referral was made on 2/26/15 & then on 3/15." Even still, CORIZON, ORR, MAGAT and KANWAL failed to implement the order and treat Decedent's breathing difficulties, including, but not limited to, Decedent's asthma and mucous plugs in his lungs. Defendants failed to take reasonable action to summon and/or to provide him access to anything more than cursory and reckless medical care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide Decedent access to such care and treatment in violation of California Government Code § 845.6.

53. As legal cause of the aforementioned acts of all Defendants, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

## JURY DEMAND

54. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;

2. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CORIZON, ORR, MAGAT, KANWAL, CARRIEDO, CHRISTIANSEN and DOES 4 through 50 and/or each of them;

3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

4. For cost of suit herein incurred; and

5. Declaratory and injunctive relief, including but not limited to the following:

   i. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling persons with serious medical needs.

   ii. An order prohibiting Defendants and their sheriff's from engaging in the "code of silence as may be supported by the evidence in this case.

   iii. An order requiring Defendants to train all medical professionals concerning generally accepted and proper tactics and procedures for the care and treatment of persons with serious medical needs.

6. For such other and further relief as the Court deems just and proper.

///

///

**LAW OFFICES OF JOHN L. BURRIS**

Dated: December 28, 2015                    /s/ Ben Nisenbaum

Ben Nisenbaum Esq.,
Attorney for Plaintiffs