**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANTI MARTINEZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CORIZON HEALTH INC., et al.,<br><br>  Defendants. | Case No. 16-cv-00881-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS AND DENYING, AS MOOT, MOTION TO STRIKE**<br><br>Re: Dkt. No. 37 |

Now before the Court for consideration is the motion to dismiss, for judgment on the pleadings, and/or to strike, filed by Defendants Corizon Health, Inc. ("Corizon"), Harold Orr, M.D. ("Dr. Orr"), Tehmina Kanwal, M.D. ("Dr. Kanwal"), Maria Magat, M.D. ("Dr. Magat") (collectively the "Corizon Defendants"), Alameda County, Alameda County Sheriff Gregory Ahearn, Deputy Michael Carreido, and Deputy Shawn Christiansen (collectively the "County Defendants"), unless otherwise noted). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the motion hearing scheduled for 9:00 a.m. February 17, 2017, and it HEREBY GRANTS, IN PART, AND DENIES, IN PART, the motions to dismiss and for judgment on the pleadings. In light of these rulings, the Court DENIES, AS MOOT, the alternative motion to strike.

**BACKGROUND**

**A.  Procedural History.**

On February 23, 2016, Plaintiffs Tanti Martinez, and her minor children, M.M., T.M., and I.M., through their guardians *ad litem* (Corrina Mendoza and Vanessa Hernandez) (collectively "Plaintiffs"), filed the original complaint in this action against Corizon, Dr. Orr, Dr. Kanwal,

Alameda County, and Sheriff Ahearn. (Dkt. No. 1.) In that complaint, Plaintiffs asserted claims under 42 U.S.C. section 1983, for negligence, and under California Government Code section 845.6 ("Section 845.6) against those defendants. (*Id.*) On March 15, 2016, Plaintiffs filed a First Amended Complaint asserting the same claims against the same defendants. (Dkt. No. 7.)

On April 22, 2016, Corizon, Dr. Orr, Dr. Kanwal, Alameda County, and Sheriff Ahern filed an Answer to the First Amended Complaint. (Dkt. No. 9.) On September 30, 2016, pursuant to stipulation, Plaintiffs filed the Second Amended Complaint ("SAC"), which is the operative pleading. (Dkt. 30.) Plaintiffs amended to name Dr. Magat and Deputies Carriedo and Christiansen as Defendants.

On January 8, 2017, Defendants filed the motion now pending before the Court.

**B.     Factual Background.**

Plaintiffs are the mother and minor children of Mario Martinez ("Mr. Martinez"), who died on July 15, 2015, while he was an inmate at Santa Rita County Jail. (SAC ¶¶ 3-6, 17.) According to Plaintiffs, Mr. Martinez had asthma and had been given an inhaler. (*Id.* ¶ 17.) However, the inhaler was not sufficient to treat his asthma, and Mr. Martinez continued to seek medical treatment for his breathing problems. (*Id.*) Plaintiffs allege that the untreated asthma caused mucous plugs that "impaired breathing in [Mr. Martinez'] lungs," and "also caused nasal polyps and inflamed turbinates, which fully blocked [his] nasal passages." (*Id.*) "The polyps were so large they were obviously and visibly, even to untrained, non-physcians [*sic*] simply by looking at [Mr. Martinez'] face, blocking [his] nasal passage." (*Id.*)

Plaintiffs allege that on the morning of his death, Mr. Martinez was seen by a dentist and noted that he continued to have difficulty breathing. (*Id.* ¶ 17, n. 1.) Plaintiffs also allege that, on the day of his death, Mr. Martinez was placed in general population and not a medical unit. (*Id.* ¶ 21.) Mr. Martinez' cell-mate heard him cry "I can't breathe," and called for immediate medical help from the jail staff. (*Id.*) Mr. Martinez died of "respiratory insufficiency." (*Id.* ¶ 22.) Each of Plaintiffs' claims are premised on the theory that Defendants failed to provide Mr. Martinez with adequate medical care, which resulted in his death.

The Court shall address additional facts as necessary in its analysis.

2

# ANALYSIS

## A. Applicable Legal Standards.

Defendants argue the Court should dismiss the claim under Section 845.6. As stated above, Corizon, Dr. Orr, Dr. Kanwal, Alameda County, and Sheriff Ahern answered the First Amended Complaint. Therefore, the Court evaluates their motion on this claim as a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(g)(2); Fed. R. Civ. P. 12(h)(2)(B). Because Dr. Magat and Deputies Carriedo and Christiansen have not answered, the Court evaluates their motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). However, the Court applies the same standard of review to both motions. *See, e.g., Dowrkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants also move to dismiss Plaintiffs' request for injunctive relief for lack of standing. Although Defendants rely on the standards applicable to motions brought under Rule 12(b)(6) and 12(c), a motion to dismiss for lack of standing is evaluated under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A motion to dismiss under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are

3

taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors*, 96 F.3d at 1207.

In general, if the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.  The Court Grants, in Part, and Denies, in Part, the Motions to Dismiss and for Judgment on the Pleadings on the Section 845.6 Claim.**

Plaintiffs allege that each of the Defendants violated Government Code Section 845.6. Each Defendant argues the claim should be dismissed. Section 845.6 provides, in relevant part, as follows:

> [n]either a public entity nor a public employee is liable for any injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but … a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov. Code § 845.6.

**1.  The Court Grants the Motion as to the Corizon Defendants, Without Leave to Amend.**

The Corizon Defendants argue that Section 845.6 applies only to "public entities" or "public employees," which they are not. The Government Code defines a "public entity" to include "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public

4

agency, and any other political subdivision or public corporation in the State." Cal. Gov. Code § 811.2. That definition encompasses "'every kind of independent political or governmental entity in the State.'" *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1396 (2010) (quoting Cal. Law Revision Com. Com., 32 West's Ann. Gov. Code (1995 ed.) foll. § 811.2, p. 158). A "'public employee' means an employee of a public entity." Cal. Gov. Code § 811.4.

Plaintiffs allege that Corizon is a Delaware corporation, which "provided medical and nursing care to prisoners and detainees in Alameda County jails, pursuant to contract with" Alameda County. (SAC ¶ 7.) Plaintiffs do not allege that Corizon falls within the definition of a public entity and, as such, they do not allege that Drs. Orr, Magat and Kanwal fall within the definition of a public employee. Indeed, Plaintiffs essentially concede that the Corizon Defendants do not fall within the Government Code's definition of a public entity or public employee, They argue the Court should expand the reach of the statute to encompass their claims. In support of this argument, Plaintiffs cite to *West v. Atkins*, 487 U.S. 42 (1988).

The Court does not find Plaintiffs' reliance on *West* persuasive. In that case, the issue presented was whether a physician "under contract with the State to provide medical services to inmates at a state-prison hospital on a part-time basis acts 'under color of state law,'" for purposes of 42 U.S.C. section 1983 when he treated an inmate. 487 U.S. at 43. The Supreme Court held that held that he did and that his conduct was attributable to the state. *Id.* at 53-54. Plaintiffs' policy arguments notwithstanding, Section 845.6 provides a clear, unambiguous definition of the term "public entity." *Cf. Diamond v. Corizon Health, Inc.*, No. 16-cv-03534-JSC, 2016 WL 7034036, at *3 (N.D. Cal. Dec. 2, 2016) (finding the Government Code "clearly defines 'public entity'" and finding "no ambiguity in the statutory language"). Further, in *Lawson* the court held that a corporation that contracted with the State to provide medical services was not a "public entity" and its employees were not "public employees" for purposes of Section 845.6. *See Lawson*, 180 Cal. App. 4th at 1378, 1397-98.

The plaintiffs in the *Diamond* case, who were represented by Plaintiffs' counsel in this case, raised a similar argument. As in that case, Plaintiffs here "do not cite any cases that" have expanded the reach of Section 845.6 beyond a literal interpretation of its terms. *Diamond*, 2016

5

WL 7034036, at *3. This Court also "declines Plaintiffs' invitation" to do so. *Id.* For these reasons, the Court also finds that it would be futile to amend this claim as to the Corizon Defendants. Accordingly, the Court GRANTS the Corizon Defendants' motions to dismiss and for judgment on the pleadings, without leave to amend.

### 2. The Court Denies the Motion as to the County Defendants.

The County Defendants argue that there are insufficient factual allegations to sustain this claim, because Plaintiffs allege that Deputies Carriedo and Christiansen responded to reports that Mr. Martinez needed medical assistance. Section 845.6 provides a narrow exception to the grant of immunity contained in the first clause of the statute. *See Castaneda v. Dep't of Corr. And Rehab.*, 212 Cal. App. 4th 1051, 1070 (2103). In order to state a claim, a plaintiff must allege: "(1) the public employee 'knows or has reason to know [of the] need,' (2) of *immediate* medical care,' and (3) 'fails to take reasonable action to *summon* such medical care." *Id.* (citing Cal. Gov. Code § 845.6, emphasis and brackets in original); *accord Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006).

In *Castaneda*, the court made clear that the "duty to 'summon' medical care under section 845.6 neither encompasses a duty to provide reasonable medical care, nor includes a concomitant duty to assure that prison medical staff properly diagnose and treat the medical condition, nor imposes a duty to monitor the quality of care provided." *Castaneda*, 212 Cal. App. 4thg at 1072 (citing *Watson v. Superior Court*, 24 Cal. 4th 836, 841-43 (1993)). Thus, for purposes of this claim for relief, the Court's focus must be on the allegations relating to whether medical care was summoned, not the allegations as to what type of care may have been provided.

Plaintiffs allege that Mr. Martinez' cell-mate used the cell's intercom to request medical help for Mr. Martinez, who allegedly said he could not breathe. (SAC ¶ 21.) Thus, Plaintiffs allege facts to satisfy the first two elements. The issue is whether Plaintiff has alleged sufficient facts to satisfy the third element. "[T]he reasonableness of" a public employee's "actions in summoning care" are facts to consider. *Castaneda*, 212 Cal. App. 4th at 1073; *cf. Watson*, 24 Cal. 4tgh at 841 ("Liability is limited to those situations where the public entity intentionally or unjustifiably fails to furnish immediate medical care.").

6

According to Plaintiffs, "[t]he jail staff, including Defendants Carriedo [and] Christiansen, … unreasonably responded to the call for medical emergency in a lackadaisacal and non-emergency manner." (SAC ¶ 21.) Defendants argue that these allegations are conclusory. However, Plaintiffs further allege that Deputies "instructed [Mr. Martinez'] cell-mate to carry [him] to the kitchen area where [Mr. Martinez] was placed on a bench. … Said Defendants left [Mr. Martinez] in the kitchen area for several minutes, then had [him] walk toward the jail unit's yard." (*Id.*) Plaintiffs do allege that medical personnel arrived on scene to treat Mr. Martinez, but the timing of their arrival is unclear.[1] (*Id.*) The Court concludes that, while the description of the Deputies' actions as "lackadaisical" and "non-emergent" is conclusory, the latter facts are sufficient to *allege* the County Defendants' response to the request for medical care could be considered unreasonable. Accordingly, the Court DENIES the County Defendants' motions to dismiss and for judgment on the pleadings on the Section 845.6 Claim. The County Defendants may renew their attack on this claim by way of a motion for summary judgment.

## C.  Plaintiffs Lack Standing to Seek Injunctive Relief.

All Defendants also move to dismiss Plaintiffs' requests for injunctive relief on the basis that Plaintiffs lack standing to seek that relief. Plaintiffs "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (finding that although plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief)). Therefore, in order to satisfy the pleading requirements for standing to seek prospective injunctive relief, at least one of the Plaintiffs must allege facts to show he or she faces a "'real or immediate threat … that [he or she] will again be harmed in a similar way.'" *Mayfield v. United States,* 599 F.3d 964, 970 (9th Cir. 2010) (quoting *Lyons*, 465 U.S. 95, 111 (1983) ("*Lyons*"); *see also Lyons*, 465 U.S. at 109 (plaintiff must show he or she is "realistically threatened by a repetition" of the violation to have standing to seek injunctive relief).

---

[1] The County Defendants argue that Mr. Martinez' "cell-mate confirmed Deputy Carriedo responded within 10-15 seconds after he reported the asthma attack via intercom." (Dkt. No. 45, Reply Br. at 5:8-9.) Those facts are not in the SAC, and the facts do not speak to when, if he did not provide medical care himself, Deputy Carriedo may have summoned medical staff.

7

Plaintiffs argue that because they have alleged a policy, pattern or practice of failure to provide adequate medical care to inmates at Santa Rita County Jail, they have alleged facts sufficient to show they have standing to seek injunctive relief. In support of this argument, Plaintiffs rely on *Rodriguez v. California Highway Patrol,* 89 F. Supp. 2d 1131, 1142 (N.D. Cal. 2000). In *Rodriguez,* the plaintiffs alleged the defendants "maintained a policy, pattern and practice of targeting African Americans and Latinos in conducting stops, detentions, interrogations and searches of motorists." *Id.* at 1134. The plaintiffs in the case were individuals and organizations suing on behalf of members that alleged they had been subject to racial profiling. The availability of injunctive relief turned on whether "they and those they seek to represent [were] likely to be subjected to future racial profiling." *Id.* at 1142. Given the allegations of the complaint, it would not have been speculative to conclude that the individuals might drive in the future and be subject to racial profiling. In reaching that conclusion, the court distinguished the facts in *Lyons*, where "in order to grant injunctive relief, the court would have had to conclude the plaintiff was likely to commit crimes in the future[.]" *Id.*

The plaintiffs in the *Diamond* case also raised this argument, and the court found *Rodriguez* distinguishable. The *Diamond* court reasoned that in order to show standing, the plaintiffs would have to "show a sufficient likelihood that they will be arrested and detained in an Alameda County jail, experience a serious medical need, and a failure by Alameda County employees to summon immediate medical care for that need." *Diamond*, 2016 WL 7034036, at *5. The facts in this case are analogous to the facts in *Diamond*. Plaintiffs allege that Mr. Martinez died while in Defendants' care, because of Defendants alleged failure to respond to his serious medical needs. The Court finds that, as in *Diamond*, it is "pure speculation" that the Plaintiffs "may have a future encounter in an Alameda County jail at all, let alone may experience a failure by Alameda County employees to summon immediate medical care for their serious medical needs." *Id.*; *see also Neuwroth v. Mendocino County*, No. 15-cv-03226-NJV, 2016 WL 379806, at *3 (N.D. Cal. Jan. 29, 2016) ("Because the injury was perpetrated on the decedent, there is no risk of future harm.").

Accordingly, the Court GRANTS Defendants' motions to dismiss and for judgment on the

pleadings on Plaintiffs' request for injunctive relief based on their lack of standing. The Court denies Plaintiffs' request for leave to amend allegations relating to their request for injunctive relief. If, at some later stage in this litigation, Plaintiffs can, in good faith and in compliance with their obligations under Rule 11, make allegations that would be sufficient to confer standing to seek injunctive relief, they may seek leave to amend under the appropriate legal standards.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Defendants' motions to dismiss and for judgment on the pleadings, and it DENIES, AS MOOT, the alternative motion to strike.

**IT IS SO ORDERED.**

Dated: February 10, 2017

_____
JEFFREY S. WHITE
United States District Judge